**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| SageSure Insurance Managers LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>Maplesage Inc.;<br>Maplesage Private Limited;<br>Maplesage Fzco; and<br>Parvind Dutta,<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING, FALSE DESIGNATION OF ORIGIN, CYBERSQUATTING, AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SageSure Insurance Managers LLC ("SageSure" or "Plaintiff"), for its Complaint against Defendants MapleSage Inc., MapleSage Private Limited, MapleSage FZCO, and Parvind Dutta (collectively, "MapleSage" or "Defendants"), alleges as follows, on personal knowledge as to its own acts and on information and belief as to the acts of others:

**INTRODUCTION**

1.      This case concerns the deliberate copying and infringement of an established company's name. For more than a decade, SageSure has built a well-known insurance and technology business under the name "SageSure," which it owns as a federally registered trademark and has the exclusive right to use. The defendants recently launched a website at "sagesure.io" that uses the identical "SageSure" name to market competing insurance technology to the very same customers, and through the very same channels, that SageSure serves. SageSure never authorized this use. The defendants registered their copycat domain only months ago, and they have continued to expand their trademark infringement. SageSure twice demanded, in writing, that the defendants stop; the defendants ignored both letters and continue using the

SageSure name today.

2.      Through this lawsuit, SageSure seeks to end the infringement and to recover the monetary and other relief the law allows. SageSure seeks an order enjoining Defendants' use of the SAGESURE Mark. SageSure also seeks an order directing the domain registrar, the registry, and other intermediaries to disable or transfer the sagesure.io website or other unauthorized uses of the SAGESURE Mark by Defendants, so that meaningful relief does not depend on the defendants' cooperation.

## NATURE OF THE ACTION

3.      This is an action to stop the wholesale theft of one of the most established and recognized brands in American insurance. Defendants have copied SageSure's federally registered and incontestable SAGESURE trademark in its entirety and are using it as the name of, and as the domain name for, a directly competing insurance-technology platform aimed at the very customers SageSure serves.

4.      SageSure is among the largest and best-known managing general underwriters in the United States. For more than a decade it has used the SAGESURE mark for insurance underwriting and related services and for the software platforms, web portals, and digital tools through which it delivers those services to carriers, agents, and policyholders nationwide. These services include, but are not limited to, first notice of loss (FNOL) intake, claims triage, insurance underwriting, policy service, and agent and broker-facing workflows.

5.      Defendants operate a website at the domain name sagesure.io that markets a suite of SAGESURE branded software products, including a SAGESURE branded "AI-powered insurance operations" platform offering first notice of loss intake, claims triage, underwriting,

and policy administration. Defendants offer these unauthorized SAGESURE branded products expressly to "carriers, MGAs, and service teams."

6.      Defendants registered the sagesure.io domain on November 7, 2025. This is more than twelve years after SageSure first used the SAGESURE mark, and years after SageSure obtained incontestable federal registration. Defendants registered the infringing domain through a registrar that conceals the registrant's identity. Defendants own no trademark rights, have filed no trademark applications, and have no other legitimate interest in the SAGESURE name.

7.      SageSure put Defendants on notice of its rights and demanded that they stop. Defendants ignored two cease-and-desist letters delivered to multiple addresses and by multiple means, and they continue to operate the infringing platform to this day. Their conduct is deliberate, knowing, willful, and in bad faith.

8.      SageSure brings this action to put an immediate end to Defendants' unlawful conduct, to obtain transfer or cancellation of the infringing sagesure.io domain name so that the infringing website can be shut down, and to recover the monetary and other relief to which it is entitled.

## THE PARTIES

9.      Plaintiff SageSure Insurance Managers LLC is a limited liability company organized under the laws of the State of Florida, with its principal place of business at 101 Hudson Street, Suite 2700, Jersey City, New Jersey 07302. SageSure is registered as a foreign limited liability company authorized to transact, and does transact, business in the State of Connecticut, and maintains a registered agent in Connecticut (Corporation Service Company, 225 Asylum Street, Hartford, Connecticut). A true and correct copy of SageSure's Connecticut registration record is attached as Exhibit D.

10.     SageSure maintains an office in Cheshire, Connecticut, which it first opened in 2016 and expanded in 2019, and which houses SageSure employees. SageSure is also licensed in Connecticut as an insurance producer and as a casualty adjuster. A true and correct copy of SageSure's Connecticut insurance-licensing record is attached as Exhibit E.

11.     SageSure is the owner of the SAGESURE trademark and of the federal trademark registrations identified below.

12.     Defendant MapleSage Private Limited ("MapleSage India") is a private limited company organized under the laws of India (Corporate Identity Number U72900DL2019PTC356480), incorporated on October 22, 2019, with a registered office at Flat No. 160-PKT-1, Sector-22, Dwarka, New Delhi 110077, India, and an operating address at 305 C, 3rd Floor, Iris Tech Park, Sohna Road, Sector 48, Gurgaon, Haryana 122018, India. MapleSage India uses the email domain maplesage.com and, on information and belief, owns, operates, controls, and/or profits from the sagesure.io platform. A true and correct copy of MapleSage India's corporate record is attached as Exhibit H.

13.     Defendant MapleSage Inc. ("MapleSage NY") is identified on the sagesure.io website (including in the website's footer disclosures and data policy) as an operator of the platform, with a business address at 169 Madison Avenue, New York, New York 10016. On information and belief, no corporation named "MapleSage Inc." is registered or in good standing in the State of New York or in any other State of the United States, and the "MapleSage Inc." designation and its New York address are fictitious or fraudulent and are used by Defendants to create a false impression of a legitimate United States business presence.

14.     Defendant MapleSage FZCO ("MapleSage Dubai") is identified on the sagesure.io website as an entity associated with the platform and appears in the website's

4

copyright notice, which reads "© 2025 MAPLESAGE – FZCO," reflecting a purported free-zone company in Dubai, United Arab Emirates. On information and belief, MapleSage Dubai is used together with the other MapleSage entities to register, operate, and/or profit from the infringing platform.

15. Defendant Parvind Dutta is an individual and a citizen of India. Mr. Dutta is a Director of MapleSage India and, on information and belief, is the owner, controlling principal, and moving force behind each of the MapleSage entities and the sagesure.io platform. Mr. Dutta personally conceived, authorized, directed, controlled, and participated in the infringing acts alleged herein, and is the named recipient of the cease-and-desist correspondence described below. On information and belief, the MapleSage entities are the alter egos and instrumentalities of Mr. Dutta, who dominates and controls them, disregards their separate forms, and uses them interchangeably to carry out and to conceal the conduct alleged herein.

16. On information and belief, at all relevant times each Defendant acted in concert with, and as the agent, alter ego, and/or co-participant of, the others, with knowledge of and in furtherance of the infringing conduct, such that each is jointly and severally liable for the acts alleged herein. References to "MapleSage" or "Defendants" refer to all Defendants collectively.

## JURISDICTION AND VENUE

17. This is a civil action arising under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051 *et seq.*, including 15 U.S.C. §§ 1114, 1125(a), and 1125(d).

18. This Court has subject-matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) over SageSure's federal claims, and supplemental jurisdiction under 28 U.S.C. §§ 1338(b) and 1367(a) over SageSure's related Connecticut common-law and statutory claims, which form part of the same case or controversy.

19.     This Court's authority to grant the requested equitable relief, including transfer or cancellation of the infringing domain name, arises under at least 15 U.S.C. §§ 1116(a) and 1125(d)(1)(C), 28 U.S.C. § 1651(a), and the Court's inherent equitable power.

20.     This Court has personal jurisdiction over Defendants. Defendants have purposefully directed their infringing conduct at Connecticut and its residents by, among other things, operating the commercial, interactive sagesure.io website that is accessible in Connecticut and that markets, offers, and solicits the sale of Defendants' insurance-technology services to insurers, managing general agents and underwriters, insurance agents, and policyholders located in Connecticut. On information and belief, Defendants transact and do business in Connecticut, including by offering and providing their services to customers and prospective customers in this State.

21.     Defendants' acts of infringement, counterfeiting, false designation of origin, cybersquatting, and unfair competition were expressly aimed at SageSure, a company that maintains an office and employees in Connecticut, that is registered and licensed to do business in Connecticut, and that suffers injury in Connecticut. The Defendants knew that the harm caused by their conduct would be suffered by SageSure in Connecticut.

22.     Jurisdiction over Defendants is further proper under Connecticut's long-arm statutes, including Conn. Gen. Stat. §§ 52-59b and 33-929(f), because Defendants transact business in Connecticut, have offered to supply services in Connecticut, have committed tortious acts within Connecticut, and/or have committed tortious acts outside Connecticut causing injury to person or property within Connecticut while soliciting business and deriving revenue from services used or consumed in Connecticut. The exercise of jurisdiction comports with due process because Defendants purposefully directed their conduct at this forum and SageSure's

claims arise directly out of that conduct.

23. In the alternative, and to the extent any Defendant is not subject to the general jurisdiction of the courts of any single State, this Court has personal jurisdiction over Defendants on SageSure's federal claims under Federal Rule of Civil Procedure 4(k)(2). SageSure's claims arise under federal law, and the exercise of jurisdiction is consistent with the Constitution and laws of the United States because Defendants have purposefully directed their infringing conduct at the United States as a whole by taking at least the following acts: registering an English-language ".io" domain name identical to a United States federally registered mark, marketing United States-style insurance products and services, claiming a United States (New York) business address, and targeting United States insurers, agents, and policyholders.

24. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to SageSure's claims, and a substantial part of the harm suffered by SageSure, occurred and continue to occur in this District. Venue is independently proper under 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States and therefore may be sued in any judicial district.

25. Defendants have concealed their identities and true locations in order to infringe with impunity and to evade enforcement of SageSure's rights. The registrant of the sagesure.io domain name is masked behind redacted, non-public registration data; the "MapleSage Inc." United States entity appears to be fictitious; and Defendants operate from foreign locations in India and the United Arab Emirates. In view of this concealment and Defendants' foreign locations, SageSure anticipates seeking leave to effect service of process by alternative means reasonably calculated to give notice, including under Federal Rule of Civil Procedure 4(f)(3), such as by electronic mail to the address used by Mr. Dutta and the MapleSage entities

(parvind@maplesage.com) and to the contact channels of the sagesure.io platform. Defendants'

refusal to accept delivery of SageSure's cease-and-desist letters at their own registered and listed

addresses, contrasted with their receipt of SageSure's electronic mail at

parvind@maplesage.com, confirms that electronic mail is a means reasonably calculated to give

Defendants actual notice of these proceedings.

## FACTUAL ALLEGATIONS

**A.    SageSure Is an Established Leader in Insurance Underwriting and Insurance Technology.**

26.    Founded more than a decade ago, SageSure is the largest independent residential

property managing general underwriter in the United States, focused on catastrophe-exposed

insurance markets. SageSure develops competitively priced property insurance products for its

highly rated carrier partners and distributes those products through a national network of

independent insurance agents and brokers.

27.    SageSure offers more than 50 insurance products across 16 states and manages

substantially all operations for approximately 970,000 policyholders. SageSure manages more

than $3.2 billion in active, in-force premiums on behalf of its highly rated carrier partners, and its

team has grown to more than 1,300 employees. SageSure has offered personal lines since 2009

and commercial lines since 2020.

28.    SageSure is a recognized leader in catastrophe risk underwriting and exposure

management, and its underwriting has earned repeated industry recognition, including being

named the Insurance Insider US Honors Property Catastrophe Underwriting Team of the Year

for 2023, 2024, and 2025, and the Insurance Insider ILS Awards (Re)Insurer/Sponsor of the Year

for 2025.

29.    Software platforms, web-based portals, and online tools are central to SageSure's

business and brand. SageSure relies on proprietary artificial-intelligence models, advanced data analytics, digital underwriting tools, agent and customer portals, and web-based interfaces to quote, bind, service, and manage insurance policies and to communicate with agents, carrier partners, and policyholders. SageSure operates its principal website at www.sagesure.com and a branded customer portal, and it has used the designation MYSAGESURE for policyholder-facing software. SageSure provides its agents a proprietary, all-in-one Agent Portal for quoting, binding, and document management that can deliver insurance quotes in as little as five minutes, and it has deployed a cloud-native claims management platform to support the appraisal, analysis, and resolution of policyholder claims. A true and correct set of screen captures from the sagesure.com website is attached as Exhibit A1.

30.     SageSure offers software in the insurance field under the SAGESURE trademark. SageSure offers a branded, business-to-business software to its insurance partners under the SAGESURE Mark. For example, SageSure markets the SageSure Sales API, an end-to-end insurance-management application programming interface that gives SageSure's qualified partners integrated "quote-to-bind" access to SageSure's insurance products and enables them to orchestrate the entire policy lifecycle. Using the SageSure Sales API, partners can quote a risk, determine eligibility, obtain quote documents, and bridge to the SageSure Agent Portal to bind and service coverage for their customers, and the API makes SageSure's insurance products available across the states in which SageSure operates. SageSure promotes the SageSure Sales API on its website under the SAGESURE name and logo as software for quoting, binding, and servicing insurance policies for carriers, agents, and other business partners.

31.     As a result of SageSure's longstanding, continuous, and substantially exclusive use of the SAGESURE mark, and its substantial investment in promoting that mark, consumers,

9

agents, carriers, and others in the insurance industry recognize SAGESURE as a distinctive identifier of SageSure's insurance and insurance-technology services and associate the mark with SageSure. The SAGESURE mark embodies substantial and valuable goodwill.

32.     SageSure actively polices its rights against unauthorized use of SAGE-formative marks in the insurance field.

**B.      SageSure's Federally Registered SAGESURE Trademarks.**

33.     SageSure has continuously used the SAGESURE mark in United States commerce in connection with its insurance underwriting and related services since at least as early as September 3, 2013.

34.     SageSure owns numerous valid and subsisting United States federal trademark registrations for the SAGESURE mark and SAGESURE-formative marks, including the registrations set forth in the following non-exhaustive table; complete particulars for each, including the mark, the goods and services, and the registration dates, appear in the registration true and correct copies of USPTO TSDR records attached as Exhibit A.:

| Reg. No. | Mark | Int'l Class(es) |
|---|---|---|
| 5,501,137 | SAGESURE (incontestable) | 36, 42 |
| 6,402,113 | SAGESURE | 36 |
| 7,064,674 | SAGESURE | 42 |
| 7,064,675 | MYSAGESURE | 42 |
| 6,480,631 | SAGESURE | 36 |
| 7,183,369 | SAGESURE | 36, 42 |
| 7,407,723; 7,407,724; 7,407,725; 7,407,726; 7,407,727; 7,407,729 | SAGESURE (word and design marks) | 36, 42 |

35.    United States Registration No. 5,501,137 for the standard-character mark SAGESURE is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity of the mark, of SageSure's ownership of the mark, and of SageSure's exclusive right to use the mark in commerce in connection with the services identified in the registration.

36.    The registrations identified above are referred to collectively as the "SAGESURE Registrations." The SAGESURE Registrations, together with SageSure's common-law rights in the mark, are referred to collectively as the "SAGESURE Mark." These rights are valid, subsisting, unrevoked, and uncancelled. The SAGESURE Registrations constitute at least *prima facie* evidence (and, as to the '137 registration, conclusive evidence) of the validity of the SAGESURE Mark, of SageSure's ownership, and of SageSure's exclusive right to use the mark, and they constitute constructive notice of SageSure's ownership under 15 U.S.C. § 1072.

37.    The SAGESURE Registrations cover, among other things, insurance underwriting and managing general agent services and insurance claims services in International Class 036, and the provision of internet website portals featuring non-downloadable software for insurance quoting, policy binding, document storage, claims reporting, and policyholder account services in International Class 042.

**C.    Defendants' Infringing sagesure.io Platform.**

38.    Long after SageSure established its rights in the SAGESURE Mark, Defendants began using the identical designation "SageSure" in connection with a competing insurance-technology platform offered at the domain name sagesure.io.

39.    Defendants own, operate, and control the sagesure.io website, through which they advertise, promote, offer, and provide insurance-technology services under the SAGESURE

11

Mark. A true and correct set of screen captures from the sagesure.io website is attached as

Exhibit B.

40.    The sagesure.io website is branded throughout with the designation "SageSure."



41.    An example is shown here:

42.    The sagesure.io platform is marketed as an "AI-powered insurance operations"

platform "from quote to claim." Defendants tell visitors that "SageSure unifies FNOL intake,

claims triage, underwriting submissions, policy service, and broker workflows into one

intelligent platform—helping carriers, MGAs, and service teams make faster decisions, reduce

manual handoffs, and deliver better experiences," and they invite visitors to "See SageSure in

action."

43.    Defendants offer the following products under the SAGESURE Mark.

   a. **SageSure MapleSage:** "Streamline Insurance Workflows" (specialty-insurance workflow automation and systems integration). URL: /streamline-specialty-insurance-workflows-with-sagesure-maplesage. "MapleSage" also appears as a standing top-navigation item.

   b. **SageSure Digital FNOL** "Accelerate Claims with AI-Powered FNOL," described as "SageSure's digital FNOL automation." URL: /frictionless-digital-fnol-for-higher-retention-sagesure. Sub-modules branded on the page: Digital FNOL Design, Claims Workflow Automation, and Performance Analytics & Governance.

   c. **SageSure AI-Powered Underwriting:**  "SageSure: Accelerate Underwriting with AI Precision." URL: /ai-powered-insurance-underwriting-accelerate-decisions-with-precision. Features: Intelligent Document Analysis, AI-Powered Risk Assessment, Dynamic Schema Validation, Side-by-Side Verification, Complete Audit Trail.

   d. **SageSure Underwriting Workbench:** "Underwriting, Uncluttered and Unbound," expressly called "the SageSure Underwriting Workbench." URL:

12

/underwriters-workbench.

e. **SageSure Automation:** branded "SageSure" automation offering citing "multi-agent intelligence" and "GraphRAG technology." URL: /automation. Capabilities: Claims Automation, Smart Underwriting, Customer Excellence.

f. **SageSure Modernization:** "Insurance Modernization / Insurance Operations Platform." URL: /modernization.

g. **SageSure Innovate:** "Innovate Insurance" (digital platforms, mobile enhancements, CRM integration). URL: /innovate.

h. **SageSure QA Testing & Modernization:** "Experience Excellence in Testing and Insurance Modernization." URL: /qa-testing.

i. **SageSure Digital "Digital Insurance."** URL: /digital. Core services: Platform Solutions, Digital Marketing, Advanced Mobile Apps.

44. The services Defendants offer under the "SageSure" name are identical to, or directly overlap with, the insurance underwriting, claims, and insurance-technology services for which the SAGESURE Mark is registered and used.

45. Defendants direct their "SageSure" branded services to the same relevant customers SageSure serves, including insurance carriers, managing general agents and underwriters, agents, and policyholders. The infringing services are offered through the same channels of trade SageSure uses, namely branded web portals and software platforms accessible over the internet.

46. The sagesure.io website's footer and data policy identify the platform's operators as the MapleSage entities, including "MapleSage Inc." at 169 Madison Avenue, New York, New York, and the website displays a copyright notice reading "© 2025 MAPLESAGE – FZCO," thereby connecting the infringing platform to each of the MapleSage Defendants.

**D.    Defendants Registered the Identical sagesure.io Domain in Bad Faith.**

47. Defendants registered the domain name sagesure.io on November 7, 2025. This is more than twelve years after SageSure's first use of the SAGESURE Mark, years after SageSure

obtained federal registration of the mark, and after the SAGESURE word mark became incontestable. A true and correct copy of the public WHOIS/RDAP registration record for sagesure.io is attached as Exhibit C.

48.     The domain name sagesure.io incorporates the SAGESURE Mark in its entirety; the only differences are the ".io" generic top-level domain and the absence of internal capitalization, neither of which distinguishes the domain name from the SAGESURE Mark. To the contrary, the use of a short, technology-oriented ".io" domain reinforces the false impression that sagesure.io is SageSure's official technology platform or an authorized SageSure portal.

49.     The registrant of the sagesure.io domain is concealed: the public registration record lists the registrant as "REDACTED," discloses only a registrant country of India, and reflects registration through the registrar One.com A/S. On information and belief, Defendants registered and maintain the domain through privacy or proxy arrangements in order to conceal their identities and to evade enforcement of SageSure's rights.

50.     Defendants own no trademark rights in, and have never filed any United States trademark application for, "SAGESURE," "sagesure.io," or any SAGE-formative designation. "SageSure" is not the legal name of any Defendant, and no Defendant has ever been commonly known by that name. Defendants have made no bona fide noncommercial or fair use of the SAGESURE Mark.

51.     On information and belief, Defendants registered and are using the sagesure.io domain with a bad-faith intent to profit from the SAGESURE Mark, including to divert SageSure's customers and prospective customers to Defendants' competing platform for Defendants' commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the platform.

14

**E.    Defendants Acted With Knowledge of SageSure's Rights and Ignored SageSure's Demands.**

52.    SageSure first became aware of Defendants' infringing sagesure.io platform only recently, shortly before SageSure sent the cease-and-desist correspondence described below. Defendants' infringement is itself recent: Defendants did not register the sagesure.io domain until November 7, 2025, and launched the infringing platform thereafter. SageSure acted promptly to enforce its rights upon learning of Defendants' conduct. On information and belief, rather than discontinuing the platform, Defendants have continued to build out and expand the sagesure.io platform and the platform remains live and continues to grow.

53.    SageSure's federal registrations provide Defendants constructive notice of SageSure's ownership of the SAGESURE Mark under 15 U.S.C. § 1072. The SAGESURE Mark is also widely known in the insurance industry in which Defendants operate.

54.    On information and belief, Defendants had actual knowledge of SageSure's trademark rights and federal registrations prior to adopting the SAGESURE mark for its infringing business.

55.    SageSure also gave Defendants actual notice of its rights. On March 17, 2026, SageSure's counsel sent a cease-and-desist letter to Parvind Dutta, as Director of MapleSage Private Limited, by electronic mail to parvind@maplesage.com and by Federal Express (tracking no. 889671700597) to MapleSage India's registered office in Dwarka, New Delhi. A true and correct copy of the March 17, 2026 letter is attached as Exhibit F.

56.    On March 25, 2026, SageSure's counsel sent a further cease-and-desist letter to Mr. Dutta by Federal Express (tracking no. 889988495548) to MapleSage India's address in Gurgaon, Haryana. A true and correct copy of the March 25, 2026 letter is attached as Exhibit G.

57.    The cease-and-desist letters identified SageSure's federal registrations, described

Defendants' infringement, and demanded that Defendants, among other things, immediately cease all use of "SAGESURE" and "sagesure.io," cease use of the sagesure.io domain name and transfer it as directed by SageSure, and confirm their compliance in writing within fourteen days.

58.    SageSure's March 17, 2026 cease-and-desist letter was delivered to, and received at, the parvind@maplesage.com email address used by Mr. Dutta and the MapleSage entities. The Federal Express packages containing SageSure's letters (addressed to MapleSage India's own registered office in Dwarka and its operating address in Gurgaon) were not accepted at those addresses. On information and belief, Defendants' refusal to accept SageSure's correspondence at their own listed addresses is consistent with, and part of, their broader effort to conceal their identities and to evade enforcement of SageSure's rights. Although Defendants thus received SageSure's demand by electronic mail, they did not respond and did not comply with any of SageSure's demands, and Defendants continue to operate the sagesure.io platform and to use the SAGESURE Mark to this day.

59.    Defendants' continued use of the SAGESURE Mark after receiving actual and constructive notice of SageSure's rights, their wholesale copying of the identical mark for identical services, and their deliberate concealment of their identities establish that Defendants' conduct is knowing, intentional, willful, and in bad faith.

**F.    Defendants' Conduct Causes Confusion and Irreparable Harm.**

60.    Defendants use a mark that is identical to the SAGESURE Mark, for services that are identical to or directly overlap with SageSure's services, directed to the same customers, through the same channels of trade, in the same industry. Defendants' use is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, affiliation, or approval of Defendants' platform. This causes consumers to incorrectly believe that Defendants' platform is

SageSure's official technology platform, an authorized SageSure portal, or otherwise affiliated with, sponsored by, or endorsed by SageSure.

61.     Defendants' use of an identical domain name and mark also causes initial-interest confusion by diverting SageSure's customers and prospective customers to Defendants' platform.

62.     Defendants are not, and have never been, affiliated, connected, or associated with SageSure, and SageSure has never authorized, licensed, sponsored, or approved Defendants' use of the SAGESURE Mark.

63.     Because Defendants offer their services under SageSure's own mark and outside SageSure's control, SageSure cannot control the nature or quality of the services offered under the SAGESURE Mark on the sagesure.io platform, and any deficiency, security or data-handling problem, or other fault in Defendants' platform would reflect on and damage SageSure's hard-earned reputation and goodwill.

64.     Defendants' conduct has caused, and unless enjoined will continue to cause, SageSure immediate and irreparable harm, including injury to SageSure's reputation and goodwill and loss of control over its mark, for which SageSure has no adequate remedy at law.

65.     Defendants' deliberate concealment of their identities, and their reliance on privacy- and proxy-registration, foreign infrastructure, and other third-party intermediaries to operate the infringing platform, make it likely that, absent comprehensive and forward-looking relief, Defendants will resume their infringement under new domain names, accounts, or platforms. Effective relief therefore requires an order that reaches not only the sagesure.io domain but any confusingly similar domain, account, or listing, now existing or hereafter created, and that directs the applicable domain-name registrar and registry, and hosting, proxy,

17

and other intermediaries, to assist in disabling such infringing uses.

## COUNT I
### Federal Trademark Infringement (15 U.S.C. § 1114)

66.     SageSure repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

67.     SageSure owns valid, subsisting, and federally registered trademarks for the SAGESURE Mark, including the incontestable Registration No. 5,501,137.

68.     Without SageSure's consent, Defendants have used and are using in commerce a reproduction, counterfeit, copy, or colorable imitation of the SAGESURE Mark in connection with the sale, offering for sale, distribution, and advertising of services, in a manner that is likely to cause confusion, to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

69.     Defendants' services are identical to, or closely related to, the services for which the SAGESURE Mark is registered, and Defendants offer them to the same classes of consumers through the same channels of trade, making confusion not merely likely but inevitable.

70.     Defendants' infringement is knowing, intentional, and willful, and was undertaken with full knowledge of SageSure's rights and with the intent to trade on SageSure's goodwill.

71.     Defendants' infringement has caused and will continue to cause SageSure substantial and irreparable harm. SageSure is entitled to injunctive relief and to recover Defendants' profits, SageSure's damages, enhanced damages, costs, and attorneys' fees.

## COUNT II
### Federal Trademark Counterfeiting (15 U.S.C. §§ 1114, 1116(d), 1117(b)–(c))

72.     SageSure repeats and re-alleges each and every allegation set forth above as if

fully set forth herein.

73.     The SAGESURE Mark is registered on the Principal Register of the United States Patent and Trademark Office for the services in connection with which Defendants use the identical "SageSure" designation, and the SAGESURE Mark is in use.

74.     Defendants' "SageSure" designation is a "counterfeit" of the SAGESURE Mark within the meaning of 15 U.S.C. §§ 1116(d) and 1127 because it is a spurious mark that is identical with, or substantially indistinguishable from, SageSure's registered SAGESURE Mark.

75.     Defendants have intentionally used the counterfeit SAGESURE designation in commerce, knowing it to be a counterfeit, in connection with the sale, offering for sale, distribution, and advertising of services, in violation of 15 U.S.C. § 1114.

76.     Defendants' use of the counterfeit mark is likely to cause confusion, mistake, and deception, and was undertaken willfully and with knowledge that the mark is a counterfeit of the SAGESURE Mark.

77.     By reason of the foregoing, SageSure is entitled to all remedies available for trademark counterfeiting, including, at SageSure's election, treble damages and Defendants' profits under 15 U.S.C. § 1117(b), or statutory damages under 15 U.S.C. § 1117(c) of up to $2,000,000 per counterfeit mark per type of service for willful use of a counterfeit mark, together with its reasonable attorneys' fees and costs.

**COUNT III**
**False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))**

78.     SageSure repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

79.     The SAGESURE Mark is entitled to protection under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19

80.    Defendants have used and are using the SAGESURE Mark and the sagesure.io designation in commerce in connection with their services in a manner that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with SageSure, and as to the origin, sponsorship, or approval of Defendants' services by SageSure.

81.    Defendants' use of the SAGESURE Mark constitutes a false designation of origin and a false or misleading representation of fact that misrepresents the source, sponsorship, and approval of Defendants' services, in violation of 15 U.S.C. § 1125(a).

82.    Defendants' conduct is knowing, intentional, and willful. As a direct and proximate result, SageSure has been and will continue to be irreparably harmed, and Defendants have been unjustly enriched. SageSure is entitled to injunctive relief and to recover Defendants' profits, SageSure's damages, enhanced damages, costs, and attorneys' fees.

## COUNT IV
### Cybersquatting (15 U.S.C. § 1125(d))

83.    SageSure repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

84.    The SAGESURE Mark is distinctive and was distinctive at the time Defendants registered the sagesure.io domain name on November 7, 2025.

85.    The domain name sagesure.io is identical or confusingly similar to the SAGESURE Mark.

86.    Defendants registered, trafficked in, and/or used the sagesure.io domain name with a bad-faith intent to profit from the SAGESURE Mark, within the meaning of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d). Defendants' bad-faith intent is demonstrated by, among other things, that: Defendants own no trademark or other intellectual property rights in the

20

sagesure.io name; "sagesure.io" is not the legal name of, and does not consist of any name commonly used to identify, any Defendant; Defendants made no prior use of the name in connection with the bona fide offering of any goods or services; Defendants made no bona fide noncommercial or fair use of the mark; Defendants intended to divert SageSure's customers from SageSure's online location to Defendants' site for commercial gain by creating a likelihood of confusion; Defendants concealed and failed to provide accurate contact information in registering and maintaining the domain; and Defendants registered a domain name identical to a mark that was distinctive and federally registered long before the domain was registered.

87. By reason of the foregoing, SageSure is entitled to injunctive relief, including an order under 15 U.S.C. § 1125(d)(1)(C) directing the forfeiture, cancellation, or transfer of the sagesure.io domain name to SageSure, and, at SageSure's election, to statutory damages under 15 U.S.C. § 1117(d) of not less than $1,000 and not more than $100,000 per infringing domain name, together with its costs and attorneys' fees.

## COUNT V
### Common-Law Trademark Infringement and Unfair Competition

88. SageSure repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

89. In addition to its federal registrations, SageSure owns common-law rights in the SAGESURE Mark in Connecticut and throughout the United States arising from its longstanding, continuous, and substantially exclusive use of the mark. Those rights are senior and superior to any rights Defendants could claim.

90. Defendants' use of the identical SAGESURE Mark for identical or closely related services is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendants' services, and constitutes trademark infringement and

21

unfair competition under Connecticut common law.

91.    Defendants' conduct is knowing, intentional, and willful, and has been undertaken in conscious disregard of SageSure's rights. As a direct and proximate result, SageSure has been and will continue to be irreparably harmed and is entitled to injunctive relief and damages.

**COUNT VI**
**Violation of the Connecticut Unfair Trade Practices Act**
**(Conn. Gen. Stat. §§ 42-110a *et seq.*)**

92.    SageSure repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

93.    SageSure and Defendants are each engaged in the conduct of trade or commerce within the meaning of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a et seq. SageSure conducts trade and commerce in Connecticut, where it maintains an office and employees and is registered and licensed to do business, and Defendants conduct trade or commerce affecting Connecticut by offering and marketing their services to Connecticut consumers through the sagesure.io platform.

94.    Defendants' conduct, which includes passing off their services as those of SageSure, using a counterfeit of SageSure's registered mark, falsely designating the origin of their services, registering and using an identical domain name in bad faith, and deliberately deceiving consumers as to source and affiliation, constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of CUTPA.

95.    Defendants' conduct offends established public policy and is immoral, unethical, oppressive, and unscrupulous, and has caused substantial injury to SageSure, to consumers, and to competition.

96.    As a direct and proximate result of Defendants' violations of CUTPA, SageSure has suffered an ascertainable loss of money and property and is entitled to recover its actual

damages, punitive damages, costs, and reasonable attorneys' fees under Conn. Gen. Stat. § 42-110g, as well as injunctive relief. SageSure has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, SageSure respectfully requests that the Court enter judgment in its favor and against Defendants, jointly and severally, and grant the following relief:

a.  A judgment that Defendants have infringed and counterfeited the SAGESURE Mark in violation of 15 U.S.C. § 1114; engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); engaged in cybersquatting in violation of 15 U.S.C. § 1125(d); infringed the SAGESURE Mark and competed unfairly under Connecticut common law; and violated CUTPA;

b.  A judgment that Defendants' conduct was willful and that this is an exceptional case under 15 U.S.C. § 1117(a);

c.  A preliminary and permanent injunction restraining Defendants and their officers, directors, agents, servants, employees, affiliates, successors, and assigns, and all persons acting in concert or participation with any of them, from:

   (i)   using the SAGESURE Mark, "sagesure.io," any other SAGE-formative, or other designation that is identical or confusingly similar to the SAGESURE Mark, in connection with insurance, insurance technology, underwriting, claims, policy administration, software, or any related or overlapping goods or services;

   (ii)  using any word, name, symbol, domain name, or device that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or

23

association of Defendants with SageSure, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities;

(iii)    passing off, or enabling others to pass off, Defendants' goods or services as those of SageSure, or as authorized, sponsored, or approved by SageSure;

(iv)    registering, trafficking in, using, maintaining, or acquiring the sagesure.io domain name, or any other domain name now existing or hereafter registered, used, or acquired that incorporates or is confusingly similar to the SAGESURE Mark;

(v)    registering, using, or maintaining any social-media account or handle, mobile-application listing, code repository, online-marketplace storefront, or other online account or profile, now existing or hereafter created, that uses or incorporates the SAGESURE Mark or any confusingly similar designation; and

(vi)    assisting, aiding, or abetting any other person or entity in engaging in any of the foregoing;

d.    An order under 15 U.S.C. §§ 1125(d)(1)(C) and 1116(a) directing that the sagesure.io domain name be transferred to SageSure (or, in the alternative, forfeited or cancelled), and that any other domain name now existing or hereafter registered that incorporates or is confusingly similar to the SAGESURE Mark likewise be transferred to SageSure or cancelled; and directing the applicable domain-name registrar (One.com A/S) and registry operator (Identity Digital / Internet Computer Bureau Limited), together with any successor registrar or registry, to take all steps

24

necessary to effectuate such transfer or cancellation and to disable the sagesure.io website pending transfer;

e.   An order directing that, upon receipt of notice of the Court's order, all domain-name registries and registrars, privacy- and proxy-registration services, web-hosting providers, content-delivery and DNS providers (including Cloudflare, Inc.), application stores and platforms, online marketplaces, social-media platforms, and payment processors and other financial intermediaries—together with all persons in active concert or participation with Defendants who receive actual notice—take all steps within their power to identify, disable, suspend, lock, or transfer the sagesure.io domain and any other domain, account, profile, storefront, or listing, now existing or hereafter created, that is used in connection with the infringing platform or that incorporates or is confusingly similar to the SAGESURE Mark, and to cease processing payments for the infringing platform or any successor platform;

f.   An order requiring Defendants, within thirty (30) days, to (i) transfer to SageSure or disable every domain name, social-media account or handle, application listing, code repository, online-marketplace storefront, and other online account or profile, now existing or hereafter created, that uses or incorporates the SAGESURE Mark or any confusingly similar designation; and (ii) file with the Court and serve on SageSure a sworn statement identifying all such domain names, accounts, and listings, and all registrars, hosting providers, marketplaces, platforms, and payment or financial accounts used in connection with the infringing platform;

g.    An order requiring Defendants to take down and cease operating the infringing

sagesure.io website and, pursuant to 15 U.S.C. § 1118, to deliver up for destruction

all materials bearing the SAGESURE Mark or any confusingly similar designation;

h.    An award of Defendants' profits, SageSure's actual damages, and the costs of the

action under 15 U.S.C. § 1117(a), and an order trebling such profits or damages under

15 U.S.C. §§ 1117(a) and (b);

i.    In the alternative, and at SageSure's election, an award of statutory damages for

counterfeiting under 15 U.S.C. § 1117(c) of up to $2,000,000 per counterfeit mark per

type of service, and statutory damages for cybersquatting under 15 U.S.C. § 1117(d)

of up to $100,000 per infringing domain name;

j.    An award of SageSure's actual and punitive damages, costs, and reasonable

attorneys' fees under Conn. Gen. Stat. § 42-110g;

k.    An award of SageSure's reasonable attorneys' fees and costs under 15 U.S.C. § 1117

and other applicable law;

l.    An order requiring Defendants, within thirty (30) days after entry of an injunction, to

file with the Court and serve on SageSure a sworn statement setting forth the manner

in which Defendants have complied with the injunction, pursuant to 15 U.S.C. §

1116(a);

m.    An order providing that the Court shall retain jurisdiction to enforce the injunction

and judgment, including by adjudicating contempt, and that, upon a noticed motion

by SageSure, the Court may order the transfer, cancellation, or disablement of

additional domain names, accounts, or listings, identified after entry of judgment, that

incorporate or are confusingly similar to the SAGESURE Mark;

n.    An award of pre-judgment and post-judgment interest at the maximum rate permitted by law; and

o.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

SageSure demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: June 12, 2026

/s/ Walter Welsh
Walter B. Welsh (ct27210)
Welsh IP Law LLC
PO Box 1267
Darien, CT 06820
Tel:  203-321-6303

Email: litigation@welshiplaw.com
        walter@welshiplaw.com

ATTORNEYS FOR PLAINTIFF

27

**EXHIBIT INDEX**

**Exhibit A1** Screen captures of the sagesure.com website

**Exhibit A2** United States Patent and Trademark Office TSDR records for SAGESURE Mark (USPTO records).

**Exhibit B** Screen captures of the sagesure.io website.

**Exhibit C** WHOIS / RDAP public registration record for the domain name sagesure.io.

**Exhibit D** Connecticut Secretary of the State registration record for SageSure Insurance Managers LLC.

**Exhibit E** Connecticut insurance-licensing record for SageSure Insurance Managers LLC (NAIC).

**Exhibit F** Cease-and-desist letter dated March 17, 2026, with proof of transmittal.

**Exhibit G** Cease-and-desist letter dated March 25, 2026, with proof of transmittal.

**Exhibit H** Corporate record for MapleSage Private Limited (India).

# Exhibit A1

# Exhibit A2

# Exhibit B

# Exhibit C

# Exhibit D

# Exhibit E

# Exhibit F

# Exhibit G

# Exhibit H